# Cooley

Jonathan Bach                                                                                                    By ECF
+1 212 479 6470
jbach@cooley.com


November 14, 2018


Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Room 1105
New York, New York 10007


**Re:  _Quadro Partners, Inc. v. Rajnesh Singh, 1:18-cv-09281 (JME)_**

Dear Judge Furman:

In anticipation of Friday's 2:15 conference, we write on behalf of Plaintiff to address the issue of jurisdiction, an issue that was raised for the first time in Defendant's submission earlier today.

Citing language from a September 17, 2017 Employment Agreement, Defendant contends that the parties agreed to the exclusive jurisdiction of the courts of Toronto, Ontario.  (Ditlow Letter, Nov. 14, 2018, at 1, citing Ex. 1, § 8.)  Indeed, Defendant attaches a copy of the Employment Agreement to his submission as if it constitutes the controlling agreement between the parties.

The language of the Employment Agreement, however, makes clear that it does not control the question of jurisdiction, and that Plaintiff's reading is wrong.   Section 8, entitled "Interpretation, Amendment and Enforcement," specifically states that a second agreement, known as the "Employee Inventions And Proprietary Information Agreement" or "IPIA," supplements the Employment Agreement and is also binding: "This letter agreement and the IPIA supersede and replace any prior agreements, representations or understandings . . . between you and the company and constitute the complete agreement between you and the Company regarding the subject matter set forth herein."  The IPIA, executed on the same date as the Employment Agreement, states that, in the event of any inconsistency, its terms control:  "the terms of this Agreement govern over any such terms that are inconsistent with this Agreement, and supersede the terms of any similar form that I may have previously signed." (Borovsky Decl., Ex. D (IPIA , § 5).)  Defendant neglected to discuss this language when presenting the issue of jurisdiction to the Court.

The IPIA sets forth the terms of Defendant's non-competition covenant (Section 4) and intellectual property assignments and confidentiality obligations (Sections 2 and 3).  Moreover, it provides for the exclusive jurisdiction of state or federal courts in "New York County, New York."  (Section 7.)   In short, the terms of the IPIA plainly apply to the subject matter of this dispute, and its jurisdictional provision controls in the event of any inconsistency with the jurisdictional provision of the Employment Agreement.



November 14, 2018
Page Two

Respectfully,

COOLEY LLP

_/s/ Jonathan Bach_
Jonathan Bach
Gerard O'Shea

_On behalf of Quadro Partners, Inc.._